184 P.3d 210

**Michael WATKINS and Louise Watkins, husband and wife, Plaintiffs–Respondents,**

v.

**Arnold PEACOCK, a single man, Defendant–Appellant.**

**Arnold Peacock, a single man, Counterclaimant,**

v.

**Michael Watkins and Louise Watkins, husband and wife, Counterdefendants.**

No. 33684.

Supreme Court of Idaho, Boise, March 2008.

May 7, 2008.

Arnold Peacock, Post Falls, pro se appellant.

Scott W. Reed, Coeur d'Alene, for respondents.

BURDICK, Justice.

Appellant Arnold Peacock appeals from a district court order granting Respondents Michael and Louise Watkins' motion for summary judgment, dismissing Peacock's coun-

terclaims with prejudice, and ordering Peacock to restore the roadway to its prior condition. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case has a long and storied history, characterized by Peacock's obstinance and refusal to recognize and comply with valid and final court orders. The easement at issue has already been the subject of one appeal to this Court and a petition for a writ of certiorari to the Supreme Court of the United States.

The facts of the underlying lawsuit are set out fully in *Davis v. Peacock*, 133 Idaho 637, 991 P.2d 362 (1999), but will be summarized here. The Watkins' predecessors in interest, Raymond and Marybel Davis, owned property south of Peacock's property. Both the parcels of land were originally one parcel, but were divided in 1941. In 1969 the Davises purchased one parcel of land, and in 1986 Peacock purchased his parcel of land. Access to the Davis parcel was by way of a private road located on the Peacock parcel. Beginning in 1995, Peacock physically obstructed the road across his property. The Davises then filed a complaint, and the district court entered an order granting them an implied easement across Peacock's property and enjoining him from interfering with or obstructing the roadway. Peacock appealed; we affirmed the district court. We determined that the Davises had an implied easement by prior use, and that Peacock was subject to that easement as he had notice. Peacock petitioned for certiorari, but was denied. *Peacock v. Davis*, 529 U.S. 1078, 120 S.Ct. 1697, 146 L.Ed.2d 502 (2000).

However, Peacock continued to obstruct the roadway. The Davises then moved to hold him in contempt. The district court found that Peacock was in contempt and ordered him to restore the roadway to the condition it was in prior to January 20, 1998, and that he complete this restoration prior to March 30, 2000.

Subsequently, the Watkins purchased the Davis parcel, and, despite the order enjoining him from obstructing the roadway, Peacock continued his unlawful actions. The Watkins then filed suit against Peacock. They alleged that Peacock obstructed the roadway, obstructed a city water line located under the roadway and created a hazardous slope that threatened the existing roadway. They sought an order enjoining Peacock from encroaching on the easement and requiring him to "restore the existing driveway to the condition existing prior to the time when … Peacock first caused debris to come onto said roadway." They also sought an order holding Peacock in contempt until he removed the obstructions from the roadway.

Peacock, acting *pro se*, filed an answer and counterclaims. He asserted various affirmative defenses and raised four counterclaims: fraud, malicious prosecution, punitive damages, and libel. Peacock filed a motion to dismiss, and the Watkins filed a motion for summary judgment. The district court held a hearing on these motions and announced its decision from the bench. It then entered judgment granting the Watkins' motion for summary judgment, dismissing Peacock's counterclaims with prejudice, and ordering Peacock to restore the roadway described in *Davis v. Peacock* to its prior condition. That order also allowed the Watkins to restore the roadway if Peacock failed to act within sixty days, awarded them the costs of such work if it was necessary, and permanently enjoined Peacock causing or allowing "any fill or waste material of any kind or nature" to be placed on the roadway or the hill adjacent to the roadway. Peacock appeals.

## II. ANALYSIS

Peacock, once again acting *pro se*,[1] attacks the district court's jurisdiction and raises numerous issues surrounding the validity of the underlying easement. He also assigns error to the order granting the Watkins' motion for summary judgment, denying his motion to dismiss and dismissing his counterclaims. He seeks to have the award

---

1. At certain points in his brief, Peacock appears to ask for leniency due to his *pro se* status. This Court adheres to the rule that persons acting *pro* *se* are held to the same standards and rules as those represented by attorneys. *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005).

of costs to the Watkins reversed. Finally, both parties request attorney's fees on appeal. We will address each issue in turn.

## A. Jurisdiction

Peacock asserts the district court lacked jurisdiction to decide this case. He argues that the Watkins cannot prove damages in excess of the $10,000 limit to file in district court. Questions of jurisdiction must be addressed prior to reaching the merits of an appeal, and jurisdiction is a question of law over which we exercise free review. *Bach v. Miller*, 144 Idaho 142, 144–45, 158 P.3d 305, 307–08 (2007).

It appears that Peacock is attacking both the district court's subject matter jurisdiction and the assignment of the case to the district court rather than to a magistrate court. In Idaho, district courts are courts of general jurisdiction. Article V, section 20 of the Idaho Constitution provides that the district court shall have original jurisdiction to hear all cases, both at law and in equity. Peacock's assertion that the district court lacked jurisdiction has no merit, and the issue of assignment to the magistrate court is irrelevant on appeal. *See Wilbanks v. State*, 126 Idaho 341, 344, 882 P.2d 996, 999 (Ct. App.1994). Thus, we hold that the district court had subject matter jurisdiction to hear this dispute.

## B. *Res Judicata*

The majority of Peacock's brief attacks the validity of the underlying easement and seeks to have this Court reconsider its decision in *Davis v. Peacock*. He maintains that this Court failed to recognize the law surrounding implied easements. According to him, the easement is not valid, and therefore, the Watkins cannot request that he do anything to maintain the easement. Alternatively, he claims that if they own a valid easement, it is satisfied so long as the Watkins have a way across the property; they cannot claim the right to a particular roadway or that the roadway be in a particular condition. Noticeably, he has failed to support these arguments with citations to Idaho law. The Watkins argue that these claims are barred

by *res judicata*, as the issues have already been decided in *Davis v. Peacock*.

*Res judicata* is comprised of true *res judicata* (claim preclusion) and collateral estoppel (issue preclusion). *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). Whether claim preclusion or issue preclusion bars the relitigation of issues adjudicated in prior litigation between the same parties is a question of law over which this Court exercises free review. *Lohman v. Flynn*, 139 Idaho 312, 319, 78 P.3d 379, 386 (2003).

Idaho uses a transactional approach to claim preclusion. *U.S. Bank Natl. Assn. v. Kuenzli*, 134 Idaho 222, 226, 999 P.2d 877, 881 (2000). "The doctrine of claim preclusion bars not only subsequent relitigation of a claim previously asserted, but also subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made." *Hindmarsh*, 138 Idaho at 94, 57 P.3d at 805. Claim preclusion has three elements: (1) same parties or their privies; (2) same claim; and (3) final judgment. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 124, 157 P.3d 613, 618 (2007).

Here, Peacock's claims are barred by claim preclusion. First, as the Davises' successors in interest, the Watkins are their privies. *See id.* Second, the issue in *Davis v. Peacock* was the validity of the easement—the same issue Peacock wishes us to now consider. Third, the district court determined the Davises had an easement, and this Court affirmed the existence of an implied easement by prior use. There was a final judgment on the merits in Davis. Therefore, the doctrine of claim preclusion applies here to bar the consideration of Peacock's claims regarding the validity of the easement.

## C. District Court's Order

Peacock also claims the district court's order granting the Watkins' motion for summary judgment, dismissing his motion to dismiss and dismissing his counterclaims was in error. He writes:

There is not a single material fact that both parties agree to; we disagree about

the location, use, and suitability, therefore according to Rule 56, Summary Judgment is improper. And unless this court has concluded that the Plaintiffs do not have enough evidence to support a claim of action, or explain how they are injured, and issues a declaratory judgment in my favor, we should proceed to trial.

■■■■ When reviewing a motion for summary judgment, this Court uses the same standard employed by the trial court when deciding such a motion. *Kolln v. St. Luke's Regl. Med. Ctr.*, 130 Idaho 323, 327, 940 P.2d 1142, 1146 (1997). "[I]f the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" summary judgment is proper. I.R.C.P. 56(c). The burden is on the moving party to prove an absence of genuine issues of material fact. *Evans v. Griswold*, 129 Idaho 902, 905, 935 P.2d 165, 168 (1997). However, "as the trier of fact, the district court is entitled to arrive at the most probable inferences based upon the undisputed evidence properly before it and grant the summary judgment despite the possibility of conflicting inferences." *Davis*, 133 Idaho at 640, 991 P.2d at 365. These inferences will be reviewed to determine if the record reasonably supports them. *Id.*

Below, the Watkins moved for summary judgment, and Peacock moved to dismiss their claim or for a judgment on the pleadings. The district court properly treated these as cross-motions for summary judgment. In support of their motion for summary judgment, the Watkins filed a statement of material facts not in dispute, a certification of pleadings before the district court in the *Davis* case, five affidavits, and a certification of survey. In support of his motion, Peacock filed only a brief (containing photographs of the property), but no other supporting materials. At the hearing on the motions, he sought to introduce additional photographs. The Watkins objected to those as untimely, and the district court correctly granted their motion.

After the hearing, the district court ruled from the bench. It first laid out the standards for summary judgment, and then noted that the issues Peacock sought to litigate had been decided in the *Davis v. Peacock* case. It noted the final judgment in Davis

decreed the existence of an easement. That judgment provided that the plaintiffs were entitled to a perpetual easement upon the existing roadway 12.5 feet in width across the following described real property owned by the defendant. This was in benefit of the real property owned by plaintiff. Both of those property descriptions were contained within the judgment.

The court also noted the existence of two prior contempt orders entered against Peacock, the second of which ordered him to restore the roadway to the condition it was in prior to January 20, 1998. The district court found that the parties agreed to the material facts: Peacock had not restored the roadway to the condition it was in prior to January 20, 1998. It then determined that Peacock had failed to comply with a previous court order, and granted the Watkins' motion for summary judgment.

■■■■ The district court's order was proper in this instance. All of the material facts in the record show exactly what the district court stated they showed: Peacock has failed to comply with the order to restore the roadway. Although Peacock strenuously disagrees, the parties' disagreements about the "location, use, and suitability" of the easement were not material to the issues before the district court. The Watkins supported their motion with evidence; Peacock tried once again to argue the validity of the easement, and failed to provide the court any evidence to support his motion to dismiss. As such, we affirm the district court order granting the Watkins' motion for summary judgment.

### D. Costs and Attorney's Fees

Peacock also appeals the district court's granting costs to the Watkins, and both parties seek an award of attorney's fees on appeal. We will address each issue in turn.

### 1. Costs Below

 The district court awarded the Watkins costs. Peacock did not object to those below, and he did not appeal from the judgment awarding costs. "It is well established that in order for an issue to be raised on appeal, the record must reveal an adverse ruling which forms the basis for an assignment of error." *Mountainview Landowners Coop. Assn. v. Cool*, 142 Idaho 861, 866, 136 P.3d 332, 337 (2006). Therefore, since there is no adverse ruling, we will not consider Peacock's arguments.

### 2. Attorney's Fees on Appeal

Peacock requests attorney's fees on appeal. Since we affirm the district court, Peacock is not the prevailing party and cannot be awarded attorney's fees. Additionally, he has not provided the Court with statutory authority for the award. This Court has "repeatedly held that we will not consider a request for attorney fees on appeal that is not supported by legal authority or argument." *VFP VC v. Dakota Co.*, 141 Idaho 326, 337, 109 P.3d 714, 725 (2005). We have extended the general rule that we will not consider unsupported arguments to decline hearing unsupported arguments from *pro se* litigants. *Huff v. Singleton*, 143 Idaho 498, 500, 148 P.3d 1244, 1246 (2006). Therefore, we decline to award Peacock attorney's fees.

The Watkins also request attorney's fees pursuant to I.C. § 12–121. "An award of attorney fees under I.C. § 12–121 is appropriate where a party's claim or defense is frivolous, unreasonable, or without foundation." *Kiebert v. Goss*, 144 Idaho 225, 228, 159 P.3d 862, 865 (2007). In addition to being vexatious, Peacock's pursuit of this appeal was frivolous, unreasonable and without foundation. Thus, we award the Watkins attorney's fees.

### III. CONCLUSION

We affirm the district court. The district court had jurisdiction. Peacock's claims surrounding the validity of the easement are barred by claim preclusion. Additionally, the district court found that there were no genuine issues of material fact and correctly entered summary judgment in favor of the Watkins and dismissed Peacock's claims.

Peacock raised his claims regarding the award of costs below for the first time on appeal, thus we decline to consider them. Finally, we award the Watkins attorney's fees as Peacock has pursued this appeal frivolously, unreasonably and without foundation. Costs to Respondents.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, concur.

