# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 43868

THOMAS ARNOLD and REBECCA ARNOLD, Husband and Wife,

Plaintiffs-Appellants,

v.

CITY OF STANLEY, a political subdivision of the State of Idaho,

Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, February 2017 Term

2017 Opinion No. 46

Filed: May 12, 2017

Stephen W. Kenyon, Clerk

_____

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Custer County. Hon. Alan C. Stephens, District Judge.

The decision of the district court is <u>vacated</u>. This case is <u>remanded</u> to the district court with instructions to dismiss the petition for judicial review. Costs on appeal are <u>awarded</u> to Respondent.

Greener Burke Shoemaker Oberrecht, P.A., Boise, attorneys for appellants. Thomas J. Lloyd argued.

Moore, Smith, Buxton & Turcke, Chtd., Boise, attorneys for respondents. Paul J. Fitzer argued.

_____

JONES, Justice

## I. NATURE OF THE CASE

This appeal concerns whether the Stanley City Council (the "Council") erred in denying a building permit application submitted by Thomas and Rebecca Arnold (the "Arnolds"). The Arnolds proffered several arguments on appeal asserting that the Council erred in denying their building permit application; however, we need not address those arguments because the Council's denial of the building permit application is not subject to judicial review.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1

The Arnolds own property in Stanley, Idaho (the "Property"). They developed the Property with approval from the Council via a series of development permits, the first of which was granted in 2004. The Council approved a subdivision plat (the "Plat") for the Property in 2007. According to the Plat, the Property was divided into six lots and two parcels. The building permit application at issue sought approval to build an access road from Lot 5 of the Property to an adjacent street.

From 2009 to 2011, the Arnolds and the City of Stanley (the "City") were involved in litigation concerning certain building permits related to the Property. The litigation resulted in a settlement agreement, which provided that the City would reissue a previously approved building permit. The reissued building permit was set to expire on May 12, 2014. In December 2013, the Arnolds applied for another building permit ("Permit Application 831") to replace the permit that was set to expire. According to the Arnolds, Permit Application 831 was only necessary because the previous permit could not be renewed.

At a meeting on February 13, 2014, the Council denied Permit Application 831. That same day, the Arnolds filed a petition for judicial review. On March 31, 2014, the Arnolds submitted a letter to the Council contesting the denial of Permit Application 831. Therein, Mrs. Arnold claimed that Permit Application 831 was no different from the previously approved building permits. Further, she argued that there were other examples where the Council issued permits allowing work on adjacent City streets. Later that day, the Council held a special meeting to discuss Permit Application 831. The Council identified the following four bases for its denial: (1) the installation of an access road at this location was inconsistent with the approved Plat and prior approved building permits; (2) Permit Application 831 was not limited to construction of an access road upon the Arnolds' own property, but rather sought to render improvements on adjacent property, *i.e.*, the City's right-of-way; (3) in the absence of an amended plat, the Arnolds were not permitted to change the point of access to the Property, nor render modification to property not their own as there is no incidental right to modify the City's right-of-way; and (4) even if such approval could be granted, the Arnolds failed to provide the technical information necessary for the Council to adequately evaluate their request.

On June 12, 2014, the Arnolds filed their opening brief, wherein they argued as follows: (1) the Council's denial of Permit Application 831 violated the equal protection clause of the U.S. and Idaho Constitutions; (2) the Council's failure to record and transcribe verbatim the

2

February 13, 2014 meeting violated the Arnolds' due process rights; (3) the Council's denial of Permit Application 831 was not supported by substantial and competent evidence, and was arbitrary, capricious, and an abuse of discretion; and (4) the Council's denial of Permit Application 831 prejudiced the Arnolds' substantial rights.

The district court held a hearing on May 20, 2015, and issued its decision and order on June 10, 2015. Therein, the district court made four holdings. First, the district court held that the Arnolds' equal protection argument was meritless because they failed to provide any evidence that the Council treated anyone else differently.[1] Second, the district court held that appropriate due process safeguards were satisfied by the audio recording of the February 13, 2014 Council meeting because the recording adequately provided the bases of the Council's decision.[2] Third, the district court held that the Council's decision was supported by substantial and competent evidence and was not arbitrary or capricious.[3] Fourth, the district court acknowledged that the denial of Permit Application 831 would likely result in a financial setback for the Arnolds, but concluded that such a setback did not amount to a substantial prejudice of the Arnolds' rights.

On July 1, 2015, the Arnolds filed a petition for rehearing. On November 3, 2015, the district court denied the petition for rehearing. The Arnolds appealed on December 14, 2015.

### III. ISSUES ON APPEAL

**1.**    Whether the Council's decision is subject to judicial review.

**2.**    Whether either party is entitled to attorney's fees on appeal.

---

[1] Further, the district court found that regardless of whether the Council treated the Arnolds differently than other property owners, a rational basis existed for doing so because of the safety concerns associated with managing the City streets.

[2] The district court noted that while a deficient record is evidence that due process safeguards were not satisfied, it is not dispositive. The district court explained that the audio recording included a variety of reasons why Permit Application 831 must be denied, any one of which provided a sufficient basis for the denial. The district court noted that even if the omitted portion of the recording contained some evidence that the Council acted arbitrarily, that hypothetical evidence would be contradicted by the remainder of the Council's recorded discussion.

[3] In support of its holding, the district court noted the following: (1) the Council had the right to deny Permit Application 831 because it was not in accordance with the approved Plat; (2) the Arnolds' attempt to add the access road in question did not follow the required process to allow the Council and citizenry of the City to raise concerns; (3) the fact that the Council required more information for the access road in question, as compared with the permitting of previous access roads, did not render the Council's decision arbitrary or capricious because the previous building permits were for roads that were already included in the approved plat agreement; and (4) the Council's requests for more information were reasonable because of the slope between the Property and the City's road and the fact that the access road was constructed on City property.

## IV. ANALYSIS

**A.      The Council's decision to deny the building permit is not subject to judicial review.**

The Arnolds argue that they are entitled to judicial review under Idaho Code section 67-6521(1)(d), codified as part of the Local Land Use Planning Act (the "LLUPA"), and under Stanley Municipal Code section 15.04.040.C, which permits an applicant who is aggrieved by a decision of the Council to seek judicial review pursuant to the procedures provided by the Idaho Code. The City argues that if the legislature had intended the denial of a building permit application to be subject to judicial review, it would be clear from the plain text of the LLUPA.

In its current form, Idaho Code section 67-6521 (1)(d) affords judicial review to an "affected person aggrieved by a final decision." I.C. § 67-6521(1)(d). An "affected person" is "one having a bona fide interest in real property which may be adversely affected by . . . [t]he approval, denial or failure to act upon an application for a subdivision, variance, special use permit *and such other similar applications required or authorized pursuant to this chapter*." I.C. § 67-6521(1)(a). (Emphasis added). Notably, the emphasized language was added in a 2010 amendment and replaced the phrase "permits authorizing development." This amendment raises the question: are building permit applications included in "such other similar applications required or authorized pursuant to this chapter"? We hold that building permit applications are not included in "such other similar applications required or authorized pursuant to this chapter." The LLUPA does not authorize or require building permits. Throughout the entire LLUPA, building permits are only mentioned once, in Idaho Code section 67-6517. I.C. § 67-6517. Idaho Code section 67-6517 does not purport to authorize or require building permits; rather it addresses future acquisition maps, which are maps designating land proposed for acquisition by a public agency. The section lays out the procedure that a governing board must follow upon receiving a request for a building permit to develop land designated on a future acquisition map. Clearly, it does not authorize or require building permits. In this case, the Arnolds' building permit was required by Stanley Municipal Code section 15.04.010.[4] For the foregoing reasons, the Council's denial of Permit Application 831 is not subject to judicial review under Idaho Code section 67-6521(1)(d).

---

[4] "No building shall be constructed . . . nor shall any lot be excavated for sidewalks, sewer, water, septic tanks, roads, or any other purpose . . . unless a building permit therefor has been issued by the city council or its authorized representative." S.M.C. § 15.04.010.

Separately, the Council's denial of Permit Application 831 is not subject to judicial review under Stanley Municipal Code section 15.04.040.C because a municipal ordinance cannot create a right to judicial review. *See Black Labrador Investing, LLC v. Kuna City Council*, 147 Idaho 92, 97–98, 205 P.3d 1228, 1233–34 (2009).

**B.      Neither party is awarded attorney's fees on appeal.**

The City requests attorney's fees on appeal according to Idaho Code section 12-117(1). Idaho Code section 12-117 provides, in pertinent part, as follows:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1). Before this opinion, the question of whether building permit decisions were subject to judicial review under the LLUPA had not been decided. Several decisions had come close, but none addressed this important question, especially in light of the amended statute. *See Highlands Development Corp. v. City of Boise*, 145 Idaho 958, 188 P.3d 900 (2007) (declaring that the LLUPA does not provide for judicial review of an initial zoning classification given to annexed property); *Giltner Dairy, LLC v. Jerome Cnty.*, 145 Idaho 630, 181 P.3d 1238 (2008) (holding that the LLUPA does not provide for judicial review of a request to change a comprehensive zoning plan); and *Burns Holdings LLC v. Madison Cnty. Bd. of Cnty. Comm'rs*, 147 Idaho 660, 214 P.3d 646 (2009) (holding that the LLUPA does not provide for judicial review of requests to change zoning or comprehensive zoning plans). Each of these decisions was issued prior to the 2010 amendment of the LLUPA and did not address building permit decisions. Accordingly, it cannot be said that the Arnolds' appeal was unreasonable. Therefore, neither party is awarded attorney's fees on appeal.

## V. CONCLUSION

We vacate the decision of the district court and remand this case to the district court with instructions to dismiss the petition for judicial review. Costs on appeal to the City.

Chief Justice BURDICK, Justices EISMANN, HORTON and BRODY **CONCUR**.

5