# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48558

| | |
|---|---|
| CITY OF RIRIE, ) | |
| ) | |
|    Petitioner-Respondent on Appeal- ) | |
|    Cross Appellant, ) | |
| ) | |
| v. ) | |
| ) | **Boise, February 2022 Term** |
| TINA GILGEN, an individual, ) | |
| ) | **Opinion Filed: August 9, 2022** |
|    Respondent-Appellant- ) | |
|    Cross Respondent, ) | **Melanie Gagnepain, Clerk** |
| ) | |
| and ) | |
| ) | |
| COUNTY OF JEFFERSON, by and ) | |
| through the Jefferson County ) | |
| Commissioners, Scott Hancock, chair, ) | |
| ) | |
|    Respondent. ) | |
| _____) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Jefferson County. Steven W. Boyce, District Judge.

The judgment of the district court is <u>vacated</u> and the matter is <u>remanded</u> to the district court for entry of a dismissal.

Manwaring Law Office, P.A., Idaho Falls, attorney for Appellant. Kipp Manwaring argued.

Dunn Law Offices, LLC, Rigby, attorney for Respondent. Robin Dunn argued.

_____

BEVAN, Chief Justice.

The primary question in this appeal is whether a city has standing to petition the district court for judicial review of a county decision granting a land use permit within the city's area of impact. The Jefferson County Board of Commissioners ("the County") granted Appellant Tina Gilgen a conditional use permit that allowed her to place a mobile home on real property she

1

owned with her husband, Kelly Gilgen, in Jefferson County. The Gilgen property fell within the City of Ririe's area of impact ("AOI"). The City of Ririe ("the City") petitioned for judicial review, asserting that the County erroneously approved Gilgen's application by applying Jefferson County zoning ordinances within the AOI instead of City ordinances, which would have resulted in a denial of Gilgen's application. The City relied on an area of impact agreement between Jefferson County and the City of Ririe, in which the County specifically agreed to apply the City's ordinances to property located within the AOI ("AOI Agreement"). After the County filed a notice of non-objection, the district court entered an order granting the City's petition, reversing the County's original decision, and remanding the matter to the County. On remand, the County issued an amended decision that denied Gilgen's application for a conditional use permit. Several months later, Gilgen filed three motions for reconsideration from the district court's order remanding the case, alleging the district court did not have jurisdiction to consider the City's petition. Each of the motions was denied. Gilgen now appeals to this Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal arrives at the Court through a convoluted series of administrative and judicial proceedings. Given the lengthy and tortuous journey this case has undergone, many of these facts and procedural anomalies will not be repeated here. This matter commenced when the County granted Gilgen a conditional use permit to place a mobile home on her real property located within the City's AOI. The City filed a petition for judicial review of the County's decision, claiming that the placement of the mobile home did not comply with City ordinances, and therefore, did not comply with the AOI Agreement. The City's petition is not a model of clarity. It first requested "declaratory action, in addition to other relief, pursuant to I.C. § 10-1201 et. seq.[,]"[1] even though it titled its pleading as a "petition for judicial review." The City also requested "judicial review of the many issues to th[e] district court as the AOI was located in Jefferson County, Idaho. [See, I.C. §§67-5270 et. seq.]" and alleged that the error made by the County was "as contained in I.C. § 67-

---

[1] This Court tends to avoid the use of *et. seq.* In addition, the Idaho Administrative Procedure Act begins at Idaho Code section 67-5201, not 67-5270 (although the right of review begins at 67-5270). The Idaho Administrative Procedure Act should be cited as Idaho Code sections 67-5201-92, but we quote from the City's pleading to make our point about its lack of clarity.

5279(1)(2)." The City asked the district court to declare the mobile home noncompliant, order its removal, and award the City attorney fees under Idaho Code section 12-117.

Once the matter was before the district court, the County filed a notice of non-objection to the City's petition. The County conceded it was bound to apply the City's ordinances under the AOI Agreement and gave notice of its intent to reverse its earlier decision granting Gilgen's conditional use permit.

Gilgen then filed a response to the City's petition. After acknowledging that the issue of a conditional use permit was reviewable under Idaho Code section 67-5279(2), Gilgen asked the court to stay any decision to remove the mobile home due to the amount of time it had been in place and because it would cause undue hardship to relocate as it was the middle of winter.

Following a hearing in which counsel for the City, the County, and Gilgen all agreed that remand would be appropriate given the County's position, the district court entered an order: (1) granting the City's petition; (2) remanding the matter to the County to enter a decision consistent with its notice of non-objection; and (3) ordering each party to bear its own attorney fees. After the matter was remanded, the County entered an amended written decision that vacated and reversed its prior decision. The amended decision denied Gilgen's request for a conditional use permit.

Several months after the County issued its amended written decision, Gilgen obtained new counsel and filed a motion for reconsideration of the district court's order. Gilgen alleged the district court failed to adequately address her and her husband Kelly Gilgen's interests and argued they were denied due process. At a hearing on Gilgen's motion for reconsideration, her counsel alleged for the first time that the district court did not have jurisdiction to consider the City's petition for judicial review because a County Board of Commissioners does not fall within the definition of an agency for purposes of applying the Administrative Procedures Act ("APA"). Gilgen alleged the district court similarly lacked jurisdiction to consider the City's petition under the Local Land Use Planning Act ("LLUPA") because the City did not have a bona fide interest in the real property at issue. Last, Gilgen's counsel noted that the only person represented at the hearing on the City's petition was Tina Gilgen and asserted that Kelly Gilgen had the right to intervene and protect his interests.

The district court ruled from the bench and denied Gilgen's motion, citing the fact that Gilgen's original counsel had essentially stipulated to the order Gilgen was now asking the court

3

to vacate. Separately, the district court suggested that a motion to dismiss would be a more appropriate mechanism to address Gilgen's jurisdiction argument. The court also stated that it did not have a motion to intervene brought before it to consider Kelly Gilgen's standing in the case.

Gilgen then filed a motion to dismiss asserting the same jurisdictional arguments raised at the prior hearing. Gilgen also filed a second motion for reconsideration that incorporated the arguments raised in her motion to dismiss. In addition, Kelly Gilgen filed a motion to intervene in the action.

The City objected to Gilgen's motion to dismiss. The City reiterated its position that the County was required to apply the City's ordinances in the AOI, and that Gilgen's application did not comply with those ordinances. The City added that any alleged errors or arguments were waived because Gilgen did not file a timely appeal from the district court's order, nor did she appeal from the County's amended decision. The City asked the district court to dismiss Gilgen's motion and award the City and the County attorney fees under Idaho Code sections 12-117 and 12-121.

The County also filed an objection to Gilgen's motion, arguing that the City was an affected person for purposes of asserting a right of review under LLUPA; thus, the district court did not lack jurisdiction to consider the City's original petition. The County also filed an objection to Kelly Gilgen's motion to intervene. The County alleged that Kelly Gilgen's motion to intervene should be denied based on unclean hands and the principle of estoppel, arguing that Kelly Gilgen was attempting to appear for the purpose of raising new arguments and obtaining a different result than what was already found by the district court. To the extent the court chose to grant Kelly Gilgen's motion to intervene, the County argued he should be estopped from raising any new or conflicting arguments from those already proffered by his wife.

Following a hearing, the district court entered an order denying Gilgen's second motion to reconsider, the motion to intervene, and the motion to dismiss. The court agreed with the City and County's position that the City of Ririe was an "affected person with a bona fide interest in real property." I.C. § 67-6521(1)(a). The district court recognized that entities have previously been considered affected persons when applying LLUPA. Therefore, it held that "affected person" as used in Idaho Code section 67-6521 included the City. Considering whether the City had "an interest in real property," the court determined that the City was asserting an "interest" even if it was not claiming an ownership interest. The district court concluded:

4

[B]ecause Gilgen's property is within the 'area of impact' controlled by an AOI agreement between the City and County, and where that AOI acts as a buffer between the City limits and unincorporated County property, and where Gilgen's property is subject to the City's ordinance, the [c]ourt determines that the City does have standing as an affected person with an interest in real property that may be adversely affected, pursuant to I.C. § 67-6521(1)(a).

Because the second motion for reconsideration was predicated on the arguments found in the motion to dismiss, the district court denied Gilgen's second motion for reconsideration on the same grounds. Finally, the court denied Kelly Gilgen's motion to intervene. The court rejected the County's suggestion that Kelly Gilgen was acting in an unfair or dishonest manner in seeking to intervene and noted nothing in the record suggested Kelly Gilgen was attempting to take an advantageous position in one instance only to take an incompatible position to try and gain a different outcome. As such, the court declined to apply the doctrine of unclean hands or the doctrine of judicial estoppel. Still, the court denied the motion to intervene due to the late stage of proceedings, Kelly Gilgen's involvement in the case, and with the presumption that a community property interest in the subject property would protect any interest that Kelly Gilgen could litigate in the matter.

The district court then entered a judgment that reflected its prior order: (1) reversing the original County decision; (2) instructing the County to enter a new decision consistent with its notice of non-opposition; and (3) ordering each party to bear their own attorney fees.

On the same day, Gilgen filed a third motion for reconsideration raising five specific issues:

1. Did Tina Gilgen stipulate to the City and County's position that her application for conditional use permit should be remanded to the County?

2. Does the City of Ririe's Petition requesting judicial review under the Idaho Administrative Procedure Act of the Jefferson County Board of County Commissioner's decision granting the Gilgens a conditional use permit state a claim for relief, including invoking the court's jurisdiction?

3. Does the City of Ririe's Petition state a claim for relief under the Local Land Use Planning Act that the City is an affected person having a bona fide interest in real property for purposes of conferring jurisdiction for judicial review?

4. Does the City of Ririe's Petition state a claim for relief under the Local Land Use Planning Act that the City had a substantial right that was prejudiced for purposes of conferring jurisdiction for judicial review?

5

5. Can the City of Ririe petition for review of the building permit Jefferson County issued to the Gilgens?[2]

Following a hearing on her third motion to reconsider, Gilgen prematurely filed a notice of appeal against the City. Thereafter, the district court entered an order denying Gilgen's third motion. However, the court agreed to modify its earlier decision to the extent it stated Gilgen's original counsel "stipulated" to remand the case, acknowledging after reviewing the record that counsel merely "agreed" to remand the case and did not formally "stipulate."

Gilgen filed an amended notice of appeal. The City filed a timely cross-appeal.

## II. STANDARD OF REVIEW

The Local Land Use Planning Act ("LLUPA"), Idaho Code sections 67-6501 to 67-6539, provides for judicial review of the approval or denial of a land use application by an affected person aggrieved by a final decision. *Citizens Against Linscott/Interstate Asphalt Plant v. Bonner Cnty. Bd. of Commissioners*, 168 Idaho 705, 711–12, 486 P.3d 515, 521–22 (2021) (citing I.C. § 67-6521(1)(d)). Judicial review of a land use decision is appellate in nature, *id*.; accordingly, district courts must follow the procedures outlined for judicial review of an agency action as set forth in IDAPA and by Court Rule. *Id*. Under LLUPA, when a challenged land use decision is made by a board of county commissioners, the board is treated as a government agency under IDAPA. *Id*. (citing *In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 307, 281 P.3d 1076, 1085 (2012)).

"A district court acts in its appellate capacity when hearing a petition for judicial review under LLUPA, and this Court reviews the district court's decision 'as a matter of procedure' but 'conduct[s] an independent review of the agency record.'" *Id*. (quoting *Neighbors for Pres. of Big and Little Creek Cmty. v. Bd. of Cnty. Comm'rs of Payette Cnty.*, 159 Idaho 182, 186, 358 P.3d 67, 71 (2015)). A district court's decision to uphold a land use decision will be affirmed unless the petitioner shows both "that (1) the board erred in a manner specified in Idaho Code section 67-5279(3), and (2) the board's action prejudiced its substantial rights." *Id*. (citation omitted). Idaho Code section 67-5279(3) requires that a board's decision be affirmed unless

the court finds that the agency's findings, inferences, conclusions, or decisions are:

---

[2] The County granted Gilgen a building permit when it originally granted her conditional use permit. The building permit was not part of the City's petition for review and this Court has held building permits are not the type of applications reviewable under LLUPA. *Arnold v. City of Stanley*, 162 Idaho 115, 117, 394 P.3d 1160, 1162 (2017).

6

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) not supported by substantial evidence on the record as a whole; or

(e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(3).

"[T]he issue of whether a district court has subject matter jurisdiction is a question of law, over which we exercise free review." *Valiant Idaho, LLC v. VP Inc*., 164 Idaho 314, 332, 429 P.3d 855, 873 (2018) (quoting *Slavens v. Slavens*, 161 Idaho 198, 201, 384 P.3d 962, 965 (2016)).

### III. ANALYSIS

Gilgen challenges the district court's jurisdiction to consider the City's petition for judicial review, as well as numerous issues surrounding the district court's denial of her motions for reconsideration and Kelly Gilgen's motion to intervene. The City filed a cross-appeal that raised three issues: "[1] The Gilgen party never had a permit to move the trailer into Jefferson County to even be heard in regards to the AOI; [2] Jefferson County is an indispensable party to this appeal; [and 3] the district court should have granted the City of Ririe its attorney fees on administrative appeal pursuant to I.C. § 12-117."

**A.**  **The City did not have standing to petition the district court for judicial review of a County decision.**

Gilgen's primary argument on appeal is that the district court erred as a matter of law in determining that it had subject matter jurisdiction over the City's petition for judicial review. Questions of jurisdiction must be addressed prior to reaching the merits of an appeal, and jurisdiction is a question of law over which we exercise free review. *Watkins v. Peacock*, 145 Idaho 704, 707, 184 P.3d 210, 213 (2008) (citing *Bach v. Miller*, 144 Idaho 142, 144–45, 158 P.3d 305, 307–08 (2007)). Subject matter jurisdiction has been defined as the power to hear and determine cases. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004) (citing *Boughton v. Price*, 70 Idaho 243, 249, 215 P.2d 286, 289 (1950)). In addition, "[s]tanding is a preliminary question to be determined by this Court before reaching the merits of the case." *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002) (citing *Miles v. Idaho Power Co*., 116 Idaho 635, 637, 778 P.2d 757, 759 (1989)).

7

An administrative appeal is *not* a civil action within the meaning of Idaho Rule of Civil Procedure 3(a). *Linscott*, 168 Idaho at 714, 486 P.3d at 524 (citing *Euclid Ave. Tr. v. City of Boise*, 146 Idaho 306, 309, 193 P.3d 853, 856 (2008)). Instead, the procedures for judicial review of an agency action are governed by the statute authorizing judicial review and Idaho Rule of Civil Procedure 84. *Euclid Ave. Tr.,* 146 Idaho at 308–09, 193 P.3d at 855–56. Judicial review of an administrative decision is wholly statutory; there is no right of judicial review absent the statutory grant. I.R.C.P. 84(a)(1); *see also Gibson v. Ada County Sheriff's Dep't.*, 139 Idaho 5, 8, 72 P.3d 845, 848 (2003).

We begin by examining the content of the City's petition for judicial review. The City's petition, titled "Petition for Judicial Review," specifically identified two separate statutes as bases for relief: "I.C. §§ 10-1201 et. seq [Declaratory Judgments]" and "I.C. §§67-5270 et. seq [the Idaho Administrative Procedure Act]." We first reject the City's attempt to request declaratory relief in a petition seeking judicial review instead of filing a declaratory judgment action. This Court has previously held, "actions seeking civil damages *or declaratory relief* may not be combined with petitions for judicial review under IDAPA." *Euclid Ave. Tr.*, 146 Idaho at 309, 193 P.3d at 856 (emphasis added). In reaching this conclusion we recognized:

> The separation of civil actions and administrative appeals is supported by good policy underpinnings. After all, one proceeding is appellate in nature and the other is an original action. They are processed differently by our courts. Discovery is rarely available in a judicial review proceeding. The review is to be conducted on the record, absent specific authorization. I.C. § 67-5276. The standards for determining an outcome are specified by statute (I.C. § 67-5279), whereas this is not the case with actions seeking declaratory or monetary relief.

*Id*. We continue to adhere to this distinction today and note that the district court should have dismissed any attempts by the City to seek declaratory judgment below. The district court's failure to do so was erroneous.

Next, we consider whether the City had standing to petition the district court for judicial review of a County decision under the Idaho Administrative Procedures Act (referred to hereafter as "the APA"). The City sought review of the Jefferson County Board of Commissioners' decision to grant Gilgen a conditional use permit to place a mobile home on her real property located in the City's AOI pursuant to Idaho Rule of Civil Procedure 84(c). The City claimed that Gilgen's trailer did not comply with City ordinances, and therefore, did not comply with the County ordinance that adopted the City's ordinances within the AOI. The City requested judicial review under Idaho

8

Code section 67-5201 [the APA] and alleged that the error made by Jefferson County was "as contained in I.C. § 67-5279(1)(2)."

Gilgen argues that no statute allowed the City to petition for judicial review of the County's decision under the APA. She is correct. This Court has consistently held that "[t]he language of the APA indicates that it is intended to govern the judicial review of decisions made by state administrative agencies, and not local governing bodies." *Gibson v. Ada Cnty. Sheriff's Dep't*, 139 Idaho at 7, 72 P.3d at 847 (quoting *Idaho Historic Preservation Council v. City Council of Boise*, 134 Idaho 651, 653, 8 P.3d 646, 648 (2000)); *see also Petersen v. Franklin County*, 130 Idaho 176, 182, 938 P.2d 1214, 1220 (1997). Counties and city governments are considered local governing bodies rather than agencies for purposes of the APA. *Idaho Historic Preservation Council*, 134 Idaho at 653, 8 P.3d at 648; *Petersen*, 130 Idaho at 182, 938 P.2d at 1220.

That said, the Idaho Legislature has provided certain exceptions to the ordinary framework of the APA. One such exception is LLUPA, Idaho Code sections 67-6501 to 67-6539. In general, a conditional use permit is the type of land use decision subject to LLUPA review. *See Taylor v. Canyon Cnty. Bd. of Comm'rs*, 147 Idaho 424, 435, 210 P.3d 532, 543 (2009); *see also* 67-6521(1)(a)(i).

However, LLUPA only provides for judicial review of the approval or denial of a land use application *by an affected person* aggrieved by a final decision. I.C. § 67-6521(1)(d). In addition, Rule 84(a)(3)(D) limits a "Petitioner" to "the *person* seeking judicial review . . . ." I.R.C.P 84(a)(3)(D) (emphasis added). Judicial review of a land use decision must follow the procedures outlined for judicial review of agency action as set forth in the APA. *Linscott*, 168 Idaho at 711, 486 P.3d at 521.

On appeal, the City argues that the district court had jurisdiction to grant the declaratory relief it sought by virtue of LLUPA. That argument is misplaced. We first note that the City did not cite LLUPA in its petition for judicial review or otherwise plead facts which establish that the case falls within the parameters of that statute. The right to seek relief, and thus the standing to bring a LLUPA action, must be clearly established in petition seeking judicial review. *See* I.R.C.P. 84(A)(1) (local government may seek judicial review "when judicial review is expressly authorized by statute."). The City failed to include LLUPA as a statutory basis for its appeal of the County's decision in its petition filed with the district court.

However, even if the City's petition had pleaded LLUPA, that statute offers no support to the City. LLUPA limits judicial review to "affected person[s]." I.C. § 67-6521(1)(d). LLUPA defines an affected person as "one having a bona fide interest in real property" which could be adversely impacted by a land-use decision. I.C. § 67-6521(1)(a); *see also* I.R.C.P. 84(a)(3)(D) (a "petitioner" must be a "person.").

On appeal, Gilgen contends review under LLUPA is not appropriate because the City is not an affected person having a bona fide interest in real property. Gilgen argues that at best, the City only had an intangible interest in property located within an AOI. The City counters that it was an aggrieved or affected person, otherwise "the right to protect, clarify and enforce ordinances in an AOI has no meaning to a city." Below, the district court agreed with the City, holding that because Gilgen's property was located within the "area of impact" controlled by the AOI Agreement between the City and the County, and because Gilgen's property was subject to the City's ordinance, the City was an affected person with an interest in real property that might be adversely impacted.

The City highlights several ways it claims to be affected by actions within an AOI, such as annexation and infrastructure, as well as its obligation to provide for police action, fire protection, parks and recreation, schooling and similar matters within the AOI. Thus, the City contends that a city is affected when action is taken within an AOI[3]. We agree that cities can be significantly affected by what happens in an AOI. But that concern alone does not transform the City into an "affected person" for purposes of LLUPA.

---

[3] We note that in Gilgen's reply brief, Gilgen alleges the City failed to explain how it was an affected person having a bona fide interest in the subject property and seems to suggest that, as a result, this Court should accept her allegations as true. Gilgen cites this Court's well-established precedent that "[w]here a party on appeal fails to provide argument supporting its position, or fails to match its argument to the issues on appeal, such position will not be considered." (Citing *Fitzpatrick v. Kent*, 166 Idaho 365, 371, 458 P.3d 943, 949 (2020); *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010); *Idaho Dep't of Health & Welfare v. Jane Doe (In re Jane Doe)*, 164 Idaho 883, 889, 436 P.3d 1232, 1238 (2019)). Gilgen's allegation fails for two reasons. Most importantly, the authority Gilgen relies on applies to appellants, not respondents. This Court has previously held that "although arguments made by the respondent would further [facilitate thorough adjudication of relevant issues], this Court must make an independent determination of whether the appellant has carried its burden sufficiently to show that error has occurred." *Allen v. Campbell*, 169 Idaho 125, 492 P.3d 1084, 1089 (2021). This principle has now been codified in the Idaho Appellate Rules as well. *See* I.A.R. 35(b)(6) ("The [respondent's] argument *should* contain the contentions of the respondent with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." (Emphasis added)). Thus, even if the City failed to respond to Gilgen's claims, this Court would not automatically accept Gilgen's argument as correct. Rather, the Court would independently assess the merits of Gilgen's claims without the benefit of additional argument from the City. Second, the City did respond to Gilgen's claims, even if its argument was brief.

10

Idaho Code section 67-6526 requires that cities and counties negotiate and agree on an area of city impact. The purpose of establishing an area of impact is to identify an area of land adjacent to the city limits where it is expected that growth and development will occur. I.C. § 67-6526. In general, cities provide services to residents within their boundaries, while county governments do so outside the city's limits. Crucially, article XII, section 2 of the Idaho Constitution prevents a city from exercising jurisdiction outside its boundaries. Idaho Const. art. XII, § 2. This Court has previously concluded "[a] city's exercise of jurisdiction in an impact area lying beyond a city's limits is inconsistent with the constitutional limitations placed on a city's powers by Article XII, § 2 of the Idaho Constitution." *Reardon v. City of Burley*, 140 Idaho 115, 119, 90 P.3d 340, 344 (2004), *overruled on other grounds by City of Osburn v. Randel*, 152 Idaho 906, 277 P.3d 353 (2012); *see also Blaha v. Bd. of Ada County Comm'ns*, 134 Idaho 770, 777, 9 P.3d 1236, 1243 (2000); *Boise City v. Blaser*, 98 Idaho 789, 791, 572 P.2d 892, 894 (1977).

A logical extension of these principles is that a city cannot have "a bona fide interest in real property" outside of its city limits because that is by definition property over which it has no jurisdiction. Here, the AOI Agreement between Jefferson County and the City of Ririe required *the County* to apply the City's ordinances outside its city limits, but within the AOI. Jefferson County conceded it did not apply the City's ordinances when it originally granted Gilgen's conditional use permit. Thus, the County erred in its application of the AOI Agreement. In such circumstances, the City is not left without a remedy – but that remedy does not lie as an appeal within the APA or LLUPA. Instead, the proper avenue for relief would be for the City to file an *original action*. Such an action could seek declaratory relief under Idaho Code section 10-1201[4], or it could pursue injunctive or other appropriate relief under the APA as provided in section 67-6527. As pertinent here, that section provides:

> [W]henever it appears to a governing board that any person has engaged or is about to engage in any act or practice violating any provision of this chapter or an ordinance or regulation enacted pursuant to this chapter, *the governing board may institute a civil action in the district court to enforce compliance with this chapter*

---

[4] Idaho Code section 10-1201 provides that "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree." I.C. § 10-1201.

*or any ordinance or regulation enacted hereunder.* Upon a showing that a person has engaged or is about to engage in an act or practice constituting a violation of this chapter or ordinance or regulation enacted hereunder, a permanent or temporary injunction, restraining order, or such other relief as the court deems appropriate shall be granted.

I.C. § 67-6527 (emphasis added). LLUPA defines a "governing board" as a city council or a board of county commissioners. I.C. § 67-6504. Thus, the appropriate remedy for the City to enforce compliance with an ordinance adopted pursuant to the Act, i.e., the AOI Agreement, was to file an original civil action. It failed to do so.

Based on the authorities cited, we hold that the City had no authority to file for *judicial review* under LLUPA. It also improperly attempted to file a declaratory judgment action in an appellate proceeding. The City lacked standing to bring this action *as it was pleaded*, and the district court was without jurisdiction to adjudicate it in that form.

Gilgen additionally argued that the district court lacked subject matter jurisdiction because the City failed to allege a substantial right had been prejudiced in its petition for judicial review. Because we have held the City had no standing to file a petition for judicial review under LLUPA, we need not discuss whether the City failed to comply with the specific provisions for judicial review under LLUPA. Further, given our conclusion that the City lacked standing to initiate these proceedings, the remaining issues concerning the Gilgen's motions to reconsider, Kelly Gilgen's motion to intervene, and the issues raised in the City's cross-appeal are moot.

**B.     We award Gilgen attorney fees on appeal under Idaho Code section 12-117.**

Attorney fees may be awarded to a prevailing party pursuant to applicable statutory laws. Gilgen and the City both request attorney fees on appeal under Idaho Code section 12-117. Section 12-117 directs the Court to award attorney fees "in any proceeding involving as adverse parties a state agency or a political subdivision and a person," if the Court "finds the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117.

The City is not the prevailing party on appeal and is thus not entitled to attorney fees under section 12-117. Gilgen likewise requests attorney fees under the same statute. This presents an intriguing question, because on appeal the City is defending its position that was accepted by a learned district court judge. It is difficult to imagine a scenario where we would conclude that a trial court's decision was entered "without reasonable basis in fact or law," *id.*, but that is what we conclude here.

This Court has held that a party acted without a reasonable basis in fact or law when there was *no statute* authorizing a petition for judicial review. *Giltner Dairy, LLC v. Jerome Cnty.*, 145 Idaho 630, 633–34, 181 P.3d 1238, 1241–42 (2008), abrogated on other grounds by *Neighbors For Responsible Growth v. Kootenai Cnty.,* 147 Idaho 173, 207 P.3d 149 (2009) (Giltner Dairy could not point to any statute authorizing judicial review. This Court held that it acted without a reasonable basis in law or fact in bringing its appeal. The Court thus awarded attorney fees on appeal to Jerome County under Idaho Code section 12-117); *Highlands Dev. Corp. v. City of Boise*, 145 Idaho 958, 962, 188 P.3d 900, 904 (2008) (Since there was no statute authorizing Highlands' petition for judicial review, it acted without a reasonable basis in fact or law). These two cases highlight the issue before us here; but in each case the party arguing an unreasonable position was the appellant. Here, it is the respondent City.

"The dual purpose of I.C. § 12-117 is to (1) deter groundless or arbitrary agency action; and (2) to provide 'a remedy for persons who have borne an unfair and unjustified financial burden attempting to correct mistakes agencies should never have made.' " *Flying A Ranch, Inc. v. Cnty. Commissioners of Fremont Cnty.*, 157 Idaho 937, 943–44, 342 P.3d 649, 655–56 (2015) (quoting *Fuchs v. Idaho State Police, Alcohol Beverage Control,* 153 Idaho 114, 117, 279 P.3d 100, 103 (2012)). On the record before us we hold that the City's use of the judicial review process to enforce the AOI Agreement was a legal maneuver it "should never have made." *Id*. As noted, there is no statute that would authorize a city to bring an action *as an affected person* under LLUPA. I.C. § 67-6521(1)(a). Thus, this case is directly on point with our holdings in both *Giltner Dairy* and *Highlands Dev. Corp*. The rationale behind those rulings should apply equally to appellants as it does to respondent governmental agencies. To rule otherwise simply because the trial judge ruled for the City on this erroneous point would mean that no appealing citizen or entity (who would always be seeking relief from a judge's erroneous decision) would ever be entitled to an award of attorney fees under section 12-117, no matter how inapt the agency's arguments below and on appeal were.

Even more, we held in 2008 that an action for declaratory relief may never be combined with an action for judicial review. *Euclid Ave. Tr. v. City of Boise*, 146 Idaho 306, 309, 193 P.3d 853, 856 (2008). This is settled law. In this case, we have a claim that (1) the City should never have tried to litigate, and (2) that the district court should have never sanctioned. Given these rare and unique circumstances, we hold that it would indeed be "unfair and unjustified" to place

13

the financial burden on Gilgen "for attempting to correct mistakes [the City] should never have made." *Flying A Ranch*, 157 Idaho at 943–44, 342 P.3d at 655–56. We thus award Gilgen appellate attorney fees in this case.

## IV. CONCLUSION

We vacate the district court's judgment because the City lacked standing to file a petition for judicial review. We award Gilgen attorney fees and costs as the prevailing party on appeal.

Justices MOELLER and ZAHN, CONCUR.

STEGNER, Justice, concurring in part and dissenting in part.

While I concur in the majority's conclusion that the City of Ririe (the City) lacked standing to petition for judicial review, I respectfully dissent from the majority's decision to award Gilgen attorney fees on appeal. Until today's opinion, this Court had not decided whether the presence of an "area of impact" (AOI) agreement between a county and a city rendered the city an "affected person" pursuant to LLUPA. *See* I.C. § 67-6521(1)(a). Because we only now answer that question in the negative, I would decline to award attorney fees on appeal.

The "American Rule" "presumes that each party is responsible for their own attorney fees[.]" *Hoagland v. Ada Cnty.*, 154 Idaho 900, 915, 303 P.3d 587, 602 (2013). In enacting Idaho Code section 12-117, the Legislature has provided an exception to the American Rule and allowed for the prevailing party to collect attorney fees if "the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117.

Although the City was ultimately unsuccessful, I cannot characterize its arguments as unreasonable. I note that, not only did the County adopt the City's arguments regarding the City's status as an "affected person," the district court was swayed by those arguments as well. While I would not adopt a *per se* rule shielding respondents from attorney fees awards if they prevailed below, I think it was reasonable for the City to defend this appeal on a theory that it prevailed upon in front of the district court, particularly as it involved a novel question of law. This Court's jurisprudence has an espoused antipathy to awarding attorney fees when presented with a novel question of law. *See, e.g.*, *Giltner Dairy, LLC v. Jerome Cnty.*, 150 Idaho 559, 562, 249 P.3d 358, 361 (2011) (declining to award attorney fees because, "[w]hile [the statute] does not apply to the present case, the statute's application is a question of first impression before this Court and there was a good faith basis for [the plaintiff's] argument"); *Arnold v. City of Stanley*, 162 Idaho 115,

14

118, 394 P.3d 1160, 1163 (2017) (declining to award attorney fees because, "[b]efore this opinion, the question of whether building permit decisions were subject to judicial review under the LLUPA had not been decided" even though "[s]everal decisions had come close" to doing so). Additionally, the majority points out that the City could have filed an original action rather than petitioning for judicial review under LLUPA. In other words, even though the City may have a meritorious claim, the majority opinion awards attorney fees against it simply because it pursued that claim through an incorrect procedural route–a procedural route that has been deemed incorrect in the first instance by today's decision.

Accordingly, because I am not persuaded that the City acted unreasonably, I respectfully dissent from the majority's decision to award attorney fees against it.

Justice BRODY, CONCURS.