# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 49343

ALAN RICHARDSON, PAMELA SLOMSKI, )
and JANE MASON, )
                                    )

  Petitioners-Appellants, )

                                    )
and )
                                    )
STEVE ROSE, JOHN MILNER, H. PERRY )
BOYLE, JR., LAURA MIDGLEY, )
                                    )

  Petitioners, )        Boise, November 2022 Term

                                    )
v. )        Opinion Filed: March 20, 2023

                                    )
BLAINE COUNTY, a political subdivision of )        Melanie Gagnepain, Clerk
the State of Idaho, )

                                    )
  Respondent, )

                                    )
and )

                                    )
IDAHO POWER COMPANY, )

                                    )
  Intervenor-Respondent. )
                                    )

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Jonathan Brody, District Judge.

The order of the district court is affirmed.

Haemmerle Law, PLLC, Hailey, for appellants, Leslie A. Tidwell, Alan Richardson, Pamela Slomski and Jane Mason. Fritz Haemmerle argued.

Blaine County Prosecuting Attorney, Hailey, for respondent, Blaine County. Timothy K. Graves argued.

Clark Wardle LLP, Boise, for respondent, Idaho Power. T. Hethe Clark argued.

---

STEGNER, Justice.

This case involves an interpretation of Idaho's Local Land Use and Planning Act (LLUPA) to determine whether various Blaine County property owners sufficiently exhausted their administrative remedies prior to seeking judicial review of a zoning decision by Blaine County's Commissioners. Appellants are residents of Blaine County (the "County") who oppose a modified conditional use permit that the County granted to Idaho Power to install above-ground power lines.[1] After the County denied Petitioners'[2] motion to reconsider as untimely, Petitioners sought judicial review of the permit in district court. Intervenor, Idaho Power Company, filed a motion to dismiss the petition, which the County joined, arguing that Petitioners' underlying motion to reconsider was untimely, thereby precluding the district court from exercising its jurisdiction over the petition.

The district court granted the motion to dismiss and concluded that it lacked jurisdiction to consider the petition because the LLUPA requires aggrieved parties to file a timely motion to reconsider prior to seeking judicial review. The district court further held that no exception to the exhaustion of administrative remedies doctrine applied. Petitioners timely appealed to this Court to resolve the question of whether the LLUPA requires a timely motion to reconsider to be filed in advance of a petition for judicial review. For the reasons explained below, we conclude that the act *does* require the filing of a timely motion to reconsider in advance of a petition for judicial review, and, therefore, we affirm the order of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2019, the Blaine County Board of Commissioners (the "County") approved an application by Idaho Power Company ("Idaho Power") for a conditional use permit (CUP) to install underground power lines in the county. Later, due to significant funding challenges, Idaho Power sought to modify the permit so the lines could be constructed above ground. This modification was approved by the County on March 15, 2021. Certain residents of Blaine County, Leslie A. Tidwell, Steve Rose, Alan Richardson, John Milner, H. Perry Boyle, Jr., Laura Midgley, Pamela Slomski, and Jane Mason, through their legal counsel, had previously requested that a copy

---

[1] In its briefing for this case, the County alleged that Tidwell, one of the previously named Petitioners, had sold her residence in Blaine County and no longer had standing to pursue this action. While the record in this regard is unclear, we have *sua sponte* amended the case title to list Alan Richardson as the lead Appellant.

[2] For ease of reference, the four petitioners who appealed the district court's decision will continue to be referred to as "Petitioners."

of the decision be sent to them. The County emailed a copy of the decision to Petitioners and counsel for Petitioners at 5:15 PM on March 15, 2021, the same day the County issued it.

On March 30, 2021, fifteen days after the County issued its decision regarding this new permit, Petitioners filed a motion to reconsider with the County, asking the County to reconsider its decision to modify the terms of the CUP. Before receiving a decision on their motion to reconsider from the County, Petitioners filed their first petition for judicial review in district court. As the applicant for the CUP, Idaho Power filed a petition to intervene in the matter, which was granted. In the meantime, Idaho Power also argued before the County that Petitioners' motion to reconsider should be denied, since it had been filed outside the fourteen-day time limit required by Idaho Code section 67-6535(2)(b). Section 67-6535(2)(b) requires that applicants exhaust their administrative remedies prior to petitioning for judicial review. Idaho Power argued that Petitioners were, therefore, precluded from seeking judicial review for failure to exhaust their administrative remedies pursuant to Idaho Code sections 67-6535(2)(b) and 67-5271(1). The County agreed that Petitioners' motion to reconsider was untimely under the fourteen-day time period set forth in Idaho Code section 67-6535(2). Shortly thereafter, Petitioners filed a second and a third amended petition for judicial review in district court. The parties agreed to consolidate these subsequent petitions.

Idaho Power moved to dismiss the consolidated petitions for judicial review, arguing that because the underlying motion to reconsider was untimely, the district court was precluded from exercising jurisdiction over the petition. In response, Petitioners made several additional arguments, only some of which have also been advanced on appeal. At the district court, they argued that their motion to reconsider was timely because the County's decision was emailed after normal business hours. They also argued that, even if the motion to reconsider was untimely, that was not a jurisdictional defect warranting dismissal under the Idaho Rules of Civil Procedure (IRCP). Next, they argued that the LLUPA only requires a motion to reconsider to be filed if mandated by local law, and since the Blaine County Code does not have a reconsideration requirement, then they were not required to file a motion to reconsider. Finally, Petitioners suggested that Blaine County does not have the authority to modify conditional use permits because "[t]here are no provisions under the [Blaine County Ordinance Conditional Use Permit] provisions (BCO, Title 9, Chapter 25) authorizing the modification of a previously issued CUP."

3

In response, Idaho Power argued that the LLUPA, not the Idaho Rules of Civil Procedure, governs the issue and that the longstanding practice is to run the appeals clock from the date of the decision, not service. They further argued that this Court has plainly stated that counties may modify CUPs.

The district court held a hearing regarding the motion to dismiss (and underlying petition for review). The district court granted Idaho Power's motion to dismiss, finding that the fourteen-day reconsideration period began to run on the date of the decision and that Petitioners failed to timely file a motion to reconsider within that statutorily prescribed period.[3] As a result, Petitioners had not exhausted the administrative remedies available to them. Therefore, the district court held that it lacked jurisdiction to consider the petition for review. Petitioners timely appealed.

## II. STANDARD OF REVIEW

"This Court has free review over the construction of a statute, which includes whether a statute provides for judicial review, and the standard of review to be applied if judicial review is available." *In re City of Shelley*, 151 Idaho 289, 291, 255 P.3d 1175, 1177 (2011) (quoting *Gibson v. Ada County*, 142 Idaho 746, 751, 133 P.3d 1211, 1216 (2006)). In this case, this Court is tasked with interpreting the Local Land Use Planning Act.

> The Local Land Use Planning Act ("LLUPA") provides a statutory basis for aggrieved parties to challenge certain land-use decisions. I.C. § 67-6521. Under LLUPA, a person affected by "[t]he approval [of] . . . an application for a . . . special use permit" may seek judicial review "within twenty-eight (28) days after all remedies have been exhausted under local ordinances." I.C. § 67-6521(1)(a), (d). Judicial review of a land-use decision follows the procedures governing judicial review of agency action under the Idaho Administrative Procedure Act ("APA"). I.C. § 67-6521(1)(d). "[F]or the purposes of judicial review of LLUPA decisions, where a board of county commissioners makes a land use decision, it will be treated as a government agency under [the APA]." *In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 307, 281 P.3d 1076, 1085 (2012) (citing *Cowan v. Bd. of Comm'rs of Fremont Cnty.*, 143 Idaho 501, 508, 148 P.3d 1247, 1254 (2006)).

> "A district court acts in its appellate capacity when hearing a petition for judicial review under LLUPA, and this Court reviews the district court's decision 'as a matter of procedure' but 'conduct[s] an independent review of the agency record.'" *Citizens Against Linscott/Interstate Asphalt Plant v. Bonner Cnty. Bd. of Comm'rs*, 168 Idaho 705, 711, 486 P.3d 515, 521 (2021) (citing *Neighbors for Pres. of Big & Little Creek Cmty. v. Bd. of Cnty. Comm'rs of Payette Cnty.*, 159 Idaho 182, 186, 358 P.3d 67, 71 (2015)). This Court will affirm a district court's

---

[3] Petitioners argued below, but have not preserved on appeal, the question of whether the fourteen-day period began on the date the decision was issued even though it was apparently issued after business hours at 5:15 PM. Since this question is not before us, we will not address it.

4

decision upholding a land-use decision unless the petitioner shows "that (1) the board erred in a manner specified in Idaho Code section 67-5279(3), and (2) the board's action prejudiced its substantial rights." *Id.* Idaho Code Section 67-5279(3) provides that a court "shall affirm" an agency action unless the court concludes "that the action was (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; or (d) arbitrary, capricious, or an abuse of discretion." I.C. § 67-5279(3) (original formatting omitted).

This Court freely reviews the interpretation of a zoning ordinance. *917 Lusk, LLC v. City of Boise*, 158 Idaho 12, 14, 343 P.3d 41, 43 (2015) (citing *Dry Creek Partners, LLC v. Ada Cnty. Comm'rs, ex rel. State*, 148 Idaho 11, 18, 217 P.3d 1282, 1289 (2009)). Yet, land-use decisions are afforded a "strong presumption" of validity when the governing body is interpreting and applying its own zoning ordinances. *Id.* Finally, "questions of constitutional due process are questions of law over which this Court exercises free review." *Citizens Against Linscott*, 168 Idaho at 712, 486 P.3d at 522.

*S Bar Ranch v. Elmore County*, 170 Idaho 282, 297–98, 510 P.3d 635, 650–51 (2022).

## III. ANALYSIS

### A. The district court did not err when it concluded that Idaho Code section 67-6535(2)(b) requires a party to file a timely motion to reconsider prior to filing a petition for judicial review.

In its order granting Idaho Power's motion to dismiss the petition for judicial review, the district court began its analysis by applying the fourteen-day motion to reconsider period in Idaho Code section 67-6535(2)(b). The district court found that the fourteen-day requirement was unambiguous and Petitioners' arguments to the contrary were rebutted by "the express language of Idaho Code § 67-6535(2)(b) as well as Idaho case law on statutory interpretation."

On appeal, Petitioners argue that the district court erred in its exclusive reliance on Idaho Code section 67-6535(2) in dismissing their petition for review because other provisions of the LLUPA, the Idaho Administrative Procedure Act (IDAPA), the Blaine County Code, and the Idaho Rules of Civil Procedure are applicable to this question. Petitioners argue that none of these additional authorities require filing a motion to reconsider prior to filing a petition for judicial review, and the district court should have read these other authorities *in pari materia*. They maintain that the district court erroneously focused on one provision of the LLUPA when it should have considered the other three provisions in the LLUPA concerning different appellate processes, IDAPA rules regarding judicial review, and Idaho Rule of Civil Procedure 84. Petitioners contend that since only one code provision mentions motions to reconsider, it would be overbroad to require motions to reconsider to "be filed as to all cases and all issues[.]" Instead, Petitioners rely on *In re*

5

*Jasso*, 151 Idaho 790, 264 P.3d 897 (2011), for the proposition that section 67-6535(2)(b)'s motion to reconsider requirement applies only to statutorily deficient agency findings. Petitioners also contend that only a local ordinance may define the administrative remedies that must be exhausted prior to seeking judicial review, and because the Blaine County Code has no reconsideration requirement, seeking judicial review was the proper next step.

Blaine County and Idaho Power argue in opposition that the language of the statute is plain and unambiguous, and even if the language were ambiguous, simple principles of statutory interpretation provide an answer to this question. Therefore, they maintain that judicial review is only appropriate when the administrative remedies required by both local ordinance and by statute have been exhausted. The County acknowledges that its position over time has changed from a narrow reading of Idaho Code section 67-6535(2) to a broad reading after learning of two district court decisions from the Third and Fifth Judicial Districts interpreting the provision which contradicted the County's earlier reading of the statute. The district court also referred to those district court decisions when it granted Idaho Power's motion to dismiss: "Those decisions are not binding on this [c]ourt; however, they are well-reasoned and follow the language of the statute."

Our analysis begins with the plain language of the statute. Idaho Code section 67-6535(2)(b) reads, in relevant part: "Any applicant or affected person seeking judicial review of compliance with the provisions of this section *must first seek reconsideration* of the final decision within fourteen (14) days." (Italics added.) This Court recently interpreted portions of the LLUPA, including the timelines for review, in *S Bar Ranch*. 170 Idaho 282, 510 P.3d 635.[4] There, an energy development company applied to Elmore County for conditional use permits to construct alternative energy sources on its land near Anderson Ranch Reservoir. *Id.* at 291, 510 P.3d at 644. The permitting process occurred over several months. *Id.* The process culminated in part in February 2017, when the Board of County Commissioners "issued its findings of fact, conclusions of law, and order approving the five CUPs[,]" subject to certain conditions (the "2017 CUP Order"). *Id.* at 292, 510 P.3d at 645. The order set a timeline for compliance with the conditions. *Id.* at 293, 510 P.3d at 646. Nearly one year later, after the conditions had been met, the Board "voted to approve the development agreement by a resolution and ordinance." *Id.*

---

[4] This Court released the *S Bar Ranch* opinion shortly after all parties submitted their briefs in this case, so it has not been cited in the briefing on appeal.

Seven days after the Board approved the development agreement, in February 2018, S Bar Ranch, a nearby property owner to the energy development project, filed a motion to reconsider the 2017 CUP Order and the recent approval of the agreement. *Id.* S Bar argued that its request was timely because the 2017 CUP Order was not final in February 2017, when the Board issued its findings of fact, but instead was final one year later, when the subsequent conditions and approval of the development agreement were completed. *Id.* The Board denied S Bar's request on the grounds that it was untimely. *Id.* at 293–94, 510 P.3d at 646–47.

Shortly thereafter, S Bar filed a petition for review in district court challenging the Board's denial of the request for reconsideration, raising several issues, including allegations of underlying problems with the 2017 CUP Order. *Id.* at 295, 510 P.3d at 648. An intervening party filed a motion to dismiss the petition for review. *Id.* The district court granted the dismissal, reasoning that because S Bar's motion to reconsider was untimely, the district court lacked jurisdiction to address the petition for judicial review. *Id.*

S Bar raised several issues on appeal, but relevant here is its argument that the 2017 CUP Order was not a final agency action because further action (*i.e.*, approval of the development agreement) needed to be taken prior to construction of the energy development project. *Id.* at 298, 510 P.3d at 651. This Court rejected that argument because otherwise "no conditional use permit would be final until all the conditions of that permit had been satisfied." *Id.* at 300, 510 P.3d at 653. "[T]he very essence of a 'conditional' use permit is that there are 'conditions' to be met." *Id.* Though this Court did not engage in statutory interpretation in the *S Bar Ranch* opinion, as the parties do here, it did explain:

> Under LLUPA, an affected person seeking judicial review must first seek reconsideration of the final decision within fourteen (14) days. I.C. § 67-6535(2)(b). Then the affected person may, within twenty-eight (28) days after all remedies have been exhausted under local ordinances, seek judicial review of the final decision. I.C. § 67-6521(1)(d). These timeframes apply to those seeking review of an approval of a conditional use permit. I.C. § 67-6521(1)(a)(i).

*Id.* at 298, 510 P.3d at 651.

Prior to this Court's decision in *S Bar Ranch*, at least two district courts reached similar conclusions, as both the County and Idaho Power noted in their briefing (and the district court noted in its opinion). Both district courts interpreted section 67-6535(2) as requiring aggrieved parties to seek reconsideration of a final agency decision within fourteen days of issuance of a CUP prior to petitioning for judicial review and that the failure to do so was fatal to the petitions

7

for judicial review. *See Lundquist v. Canyon County*, No. CV13-12178, (Idaho 3d Dist. Ct. (Judge Huskey)) Order to Dismiss, at 1 (Mar. 4, 2014); *Preserve the Camas Prairie, Inc. v. Camas County*, No. CV13-21-00012, (Idaho 5th Dist. Ct. (Judge Williamson)) Memorandum Decision and Orders on Motion to Dismiss, at 1 (July 26, 2021).

In the present case, the district court did not err in finding that section 67-6535(2)(b) unambiguously requires that aggrieved parties must file a motion to reconsider prior to seeking judicial review. As clarified by this Court in *S Bar Ranch*, the LLUPA requires a timely motion to reconsider as a prerequisite to petitioning for judicial review. 170 Idaho at 298, 510 P.3d at 651. Failure to timely file such a motion will bar judicial review of the agency action.

Petitioners additionally argue that Blaine County's *lack* of a requirement mandating motions to reconsider means they did in fact exhaust their administrate remedies at the local level. Idaho Power responds noting that section 67-6535(2)(b) creates an additional step beyond what is required at the county level. The district court in Camas County also interpreted the statute this way. Because there is no language in section 67-6535(2)(b) that suggests its requirements can be replaced or altered based on the administrative processes of a particular county government, the district court here correctly dismissed Petitioner's petition for review for failure to timely file a motion to reconsider.

Petitioners next argue that Idaho Code section 67-6535(2)(b) should not apply in this case. In addition to requiring aggrieved parties to file a motion to reconsider within fourteen days, section 67-6535 requires the adjudicative body to render its decision in writing and "based upon standards and criteria which shall be set forth in the comprehensive plan, zoning ordinance or other appropriate ordinance or regulation of the city or county." Given the statute's mandate on the local body, Petitioners argue that the motion to reconsider requirement should apply only to cases challenging a *county's* compliance (rather than an aggrieved party's compliance) with section 67-6535, and since Petitioners are not arguing that the County failed to comply, then the statute should not apply to their petition. Instead, they suggest that the appropriate vehicle for their challenge is Idaho Code section 67-6521, which more broadly governs "[a]ctions by affected persons" and does not require the filing of a motion to reconsider prior to petitioning for judicial review.

In response, the County relies on this Court's decision in *Citizens Against Linscott/Interstate Asphalt Plant v. Bonner County Board of Commissioners* to argue that section

67-6535 is clear and unambiguous in its requirement of a motion to reconsider. 168 Idaho 705, 715, 486 P.3d 515, 525 (2021). Therefore, the County argues, it would be inappropriate to engage in statutory interpretation. Idaho Power agrees and points to the district court decisions, which, in considering the same argument, found that the statute clearly required a motion to reconsider to be filed prior to filing a petition for judicial review. Next, Idaho Power argues, if statutory interpretation is necessary then the legislative history of section 67-6535 clarifies that the intent of the original bill was to encourage the resolution of land use conflicts at the local level, rather than in the courts.

We conclude Petitioners' argument that section 67-6535 only applies to cases challenging a county's compliance with the statute is unpersuasive. First, as Idaho Power points out, the different provisions within the LLUPA that discuss judicial review are intended to work together, rather than as different options from which aggrieved parties may choose. For example, Idaho Code section 67-6521, which Petitioners argue should govern their petition, reads:

> An affected person aggrieved by a *final decision* concerning matters identified in section 67-6521(1)(a), Idaho Code, may within twenty-eight (28) days after all remedies have been exhausted under local ordinances seek judicial review as provided by chapter 52, title 67, Idaho Code.

(Italics added.) Then, section 67-6535 states that "[a] decision shall not be deemed final for purposes of judicial review unless the process required in this subsection [*i.e.*, the filing of a motion to reconsider] has been followed." Petitioners' argument that we should read section 67-6521 as independent from section 67-6535 is incorrect because the two sections are interdependent. Section 67-6521 requires a final decision to be rendered prior to petitioning for judicial review. By contrast, section 67-6535 states that a decision will not be final until *after* a motion to reconsider has been filed and resolved – either via the issuance of a written decision or "the expiration of the sixty (60) day reconsideration period[.]" I.C. § 67-6535(2)(b). Therefore, because the motion to reconsider was not timely filed, Petitioners were unable to demonstrate that the County's actions were "final" for purposes of judicial review.

This finding comports with *Citizens Against Linscott*. There, this Court reviewed a set of facts similar to the case at bar to determine the process for petitioning for judicial review of an agency action under the LLUPA. 168 Idaho at 709, 486 P.3d at 709. Citizens Against Linscott (CAL) challenged the approval of a conditional use permit by the Bonner County

Board of Commissioners authorizing the operation of an asphalt batch plant. *Id.* CAL filed a motion to reconsider with the County, challenging several portions of the conditional use permit, and, prior to adjudication of that motion, filed a petition for review in district court. *Id.* at 710, 486 P.3d at 520. Due to glitches with the online filing software, the petition was not accepted until after the 28-day review period had passed. *Id.* However, the district court held that the time for filing the petition for review was tolled until the motion to reconsider had been adjudicated, so the petition for review was not filed outside the 28-day window. *Id.* at 711, 486 P.3d at 521.

Though *Citizens Against Linscott* determined a slightly different question, this Court reviewed the administrative requirements and the interplay of the local ordinance, the LLUPA, the IRCP, and the IDAPA provisions for filing petitions for judicial review in determining whether the petition was timely. *Id.* at 715, 486 P.3d at 525. Regarding the LLUPA, this Court explained that "a person seeking judicial review must first seek reconsideration of the final decision within fourteen days and that the twenty-eight-day filing requirement is tolled until the date of the written decision regarding reconsideration[.]" *Id.* (internal citations and quotation marks omitted). This Court determined that each code provision and procedural rule appeared to toll the timeline for filing until a motion to reconsider had been adjudicated. *Id.*

Nothing in *Citizens Against Linscott* suggests that the requirements for challenging decisions on appeal are vague. Instead, as the County argues, this Court seemed to consider section 67-6535 to be clear and unambiguous. The district court here agreed and found that the Idaho legislature required motions to reconsider to be filed within fourteen days for "all LLUPA decisions[.]" Petitioners' arguments to the contrary are not supported by either the plain language of the statute or by this Court's case law interpreting timelines in the LLUPA. Therefore, the district court did not err by finding that Petitioners had failed to file a timely motion to reconsider as required by Idaho Code section 67-6535.

**B. The district court correctly determined that Idaho Rule of Civil Procedure 84(n) did not apply to its analysis of the motion to reconsider.**

Petitioners next argue that, even if a timely motion to reconsider was required, Idaho Rule of Civil Procedure 84(n) should apply to these circumstances instead of the LLUPA. However, the district court rejected that argument and concluded that Rule 84(n) did not apply to the case at bar because Idaho Code section 67-6535(2)(b) "has clearly expressed standards for judicial review and when to grant review[.]" In other words, the district court found that the Idaho Rules of Civil

Procedure cannot override a statutorily prescribed process for judicial review and, as a result, do not change the statutory 14-day requirement but instead provide procedures "*only if the statute granting judicial review is silent* as to the proper procedures and standards." (Italics added.) In this case, the district court concluded that the LLUPA was not silent as to proper procedures for exhausting administrative remedies and filing petitions for review, so the Idaho Rules of Civil Procedure did not apply. The district court explained that section 67-6535(2)(b), rather than Idaho Rule of Civil Procedure 84(n), controlled because "the legislature set forth a clear statutory requirement before a district court may hear a petition for judicial review." Only when those statutory requirements are met will "the other rules and deadlines 'kick in.' Those rules cannot de facto overturn the statute."

On appeal, Petitioners contest the district court's conclusion that the LLUPA process overrides the IRCP. They argue that even if the LLUPA requires a motion to reconsider to be required prior to filing a petition for judicial review, Rule 84(n) should control. Under Petitioners' reading of the rule, the LLUPA's motion to reconsider is only a "step" to be taken for judicial review, and the only "jurisdictional defect" that can preclude a petition for judicial review is a "failure to file a timely Petition or Cross-Petition for Judicial Review." Petitioners then argue that the district court should have exercised its discretion pursuant to Idaho Rule of Civil Procedure 84(n) to deny the motion to dismiss because there were several reasons to explain Petitioners' delay in filing the motion to reconsider. Petitioners argue that the time for filing a motion to reconsider should be calculated from the date of actual notice to the parties, rather than the date of the decision. Additionally, Petitioners contend that Idaho Power suffered no prejudice as a result of the delay. Therefore, Petitioners posit, the district court should have denied Idaho Power's motion to dismiss.

In response, the County relies on Idaho Rule of Civil Procedure 84(a)(2), which explains that the Idaho Rules of Civil Procedure apply *only in the absence of a statute* providing the rules for judicial review. Idaho Power agrees and argues that the Idaho Rules of Civil Procedure "<u>cannot override</u> the reconsideration requirement and <u>cannot excuse</u> the absence of a timely reconsideration request." (Underline in original.)

Rule 84(a)(2) reads:

> The procedures and standards of review applicable to judicial review of state agency and local government actions must be as provided by statute. *If no stated*

*procedure or standard of review is provided in the statute, then this rule provides the procedure* and standard of review by the district court.

(Italics added.) The plain language of Rule 84 precludes its application to override the requirements of section 67-6535. As explained in the previous section, Idaho Code section 67-6535(2)(b) provides a procedure for seeking judicial review of certain agency decisions. Because there is a statutory process in place, the Idaho Rules of Civil Procedure cannot excuse Petitioners' defect in seeking judicial review. Under the plain language of both the LLUPA and Idaho Rule of Civil Procedure 84(a)(2), the district court did not err in dismissing the petition for review because it was statutorily obligated to do so; it was not a discretionary decision, as argued by Petitioners.

Even beyond the plain language of the Rule, recent case law supports the conclusion that a statutory process for judicial review will override any conflicting processes set out in the Idaho Rules of Civil Procedure. This Court recently discussed the interplay between the LLUPA and Idaho Rules of Civil Procedure in *City of Ririe v. Gilgen*, 170 Idaho 619, 515 P.3d 255 (2022). There, the City of Ririe petitioned the district court for judicial review of a Jefferson County decision regarding its issuance of a conditional use permit. *Id.* at 622, 515 P.3d at 258. The City sought review of the permit pursuant to Rule 84(c) and IDAPA. *Id.* at 626, 515 P.3d at 262. This Court held that the IDAPA is generally limited to governing procedures for state administrative agencies, rather than procedures for local governments. *Id.* However, the LLUPA creates an exception and treats local governments as administrative agencies for the purpose of judicial review. *Id.* (internal citations omitted). In *Gilgen*, it was necessary to interpret Rule 84 in conjunction with the LLUPA because the City had not "include[d] LLUPA as a statutory basis for its appeal." *Id.* at 627, 515 P.3d at 263. Broadly speaking, the guidance from *Gilgen* is (1) the Idaho Rules of Civil Procedure explain that on a petition for judicial review, statutory procedures override the Rules of Civil Procedure; (2) if there is a statute governing judicial review, then the statute will supersede the Rules; and (3) if the statute fails to address a procedural issue, the Idaho Rules of Civil Procedure will govern. *Id.* at 625–26, 515 P.3d at 261–62; *see also id.* at 625, 515 P.3d at 261 ("Judicial review of an administrative decision is wholly statutory; there is no right of judicial review absent the statutory grant.") (Internal citations omitted.)

Again, though the question in the case at bar was not squarely before this Court in *Gilgen*, that case supports the conclusion that when there is a statutorily prescribed process which acts as a precondition for judicial review, that process will supersede the Idaho Rules of Civil Procedure

in the event of a conflict. In this case, that statutorily prescribed process is Idaho Code section 67-6535(2)(b), which requires a timely motion to reconsider to be filed as a prerequisite to filing for judicial review. The plain language of the statute does not implicate the Idaho Rules of Civil Procedure. I.C. § 67-6535(2)(b). If the legislature had intended for the Idaho Rules of Civil Procedure to supplement the LLUPA's process, that language would have been expressly included in the statute. *See, e.g.*, *Sanders v. Bd. of Trs. of Mountain Home Sch. Dist.*, 156 Idaho 269, 273, 322 P.3d 1002, 1006 (2014) ("Idaho Code section 12-101 gives courts authority to award costs 'in a civil trial or proceeding . . . in the manner and in the amount *provided for by the Idaho Rules of Civil Procedure*.'") (Italics added.). Because the plain language of the Idaho Rules of Civil Procedure defers to statutorily prescribed processes for judicial review, and because the statute requires filing a timely motion to reconsider, the district court did not err in concluding that Idaho Rules of Civil Procedure 84(n) and 2.2(c) "[were] not applicable to this case."

### C. The district court did not err in finding that Petitioners failed to exhaust their administrative remedies.

Next, the district court determined that Petitioners failed to exhaust their administrative remedies and disagreed with Petitioners' proffered exception – that Blaine County acted outside its authority in modifying the CUP because municipal governments are entitled "to make administrative decisions dealing with planning and zoning[.]" *See, e.g.*, *Regan v. Kootenai County*, 140 Idaho 721, 723–24, 100 P.3d 615, 617–18 (2004); *Chambers v. Kootenai Cnty. Bd. of Comm'rs*, 125 Idaho 115, 119, 867 P.2d 989, 993 (1994).

Petitioners spend the bulk of their briefing (without conceding that they failed to exhaust their administrative remedies) arguing that the district court erred when it failed to address possible exceptions to the doctrine of exhaustion of administrative remedies, including "when the agency acted outside its authority." *Regan*, 140 Idaho 721, 100 P.3d 615. Specifically, Petitioners argue that they were not required to exhaust their administrative remedies because the County had no authority to modify the CUP under its local ordinance in the first place. Petitioners disagree with the district court's reliance on *Chambers*, a case in which this Court held that "counties have the authority to grant new conditional use permits which modify existing permits." 125 Idaho at 117, 867 P.2d at 991. Petitioners interpret *Chambers* to limit the authority of counties to issue *new* permits that modify previously granted permits, rather than modifying existing permits via applications for modification. Here, Petitioners argue, Blaine County treated Idaho Power's application not as a new permit application, but as a modification, and *Chambers* is

13

distinguishable. In their reply, Petitioners make a slightly different argument. They argue that Idaho Code section 67-6521(1)(c) and the Blaine County Code do not provide any authority for the County to modify a CUP, and "[e]xhaustion of administrative remedies is not required when a party asserts that the administrative body had no authority or power to make the decision."

The County argues the opposite – that "the Board had ample authority to consider the modification of [Idaho Power's] existing CUP." The County relies on this Court's decision in *Chambers* for the proposition that the permitting process is intentionally flexible to accommodate the changing needs of local governments. Similarly, Idaho Power argues that the LLUPA does not limit a local government's "ability to revisit a previously granted conditional (or special) use permit when the permit holder makes such a request." Idaho Power also references this Court's historic deference to zoning boards in their interpretations of local ordinances and procedures and argues that this Court should follow this pattern and defer to Blaine County's interpretation of its own ordinances.

We conclude that the district court was correct in finding that Petitioners failed to exhaust their administrative remedies because they did not file a timely motion to reconsider.

> IDAPA provides that an agency decision may be overturned where that decision is "in violation of constitutional or statutory provisions" or "arbitrary, capricious, or an abuse of discretion." I.C. § 67-5279(3)(a), (d). LLUPA, in turn, requires that "[t]he approval or denial of any application . . . shall be based upon standards and criteria which shall be set forth in the . . . zoning ordinance or other appropriate ordinance[.]" I.C. § 67-6535(1).

*Citizens Against Linscott*, 168 Idaho at 719, 486 P.3d at 529.

This Court has previously interpreted the administrative exhaustion requirement of the LLUPA in *Regan* and *Park v. Banbury*, 143 Idaho 576, 149 P.3d 851 (2006). In *Regan,* this Court wrote:

> The Local Land Use Planning Act provides that a person affected and aggrieved by a decision of a land use commission or governing board may within twenty-eight days after all remedies have been exhausted under local ordinances seek judicial review as provided by chapter 52, title 67, Idaho Code. I.C. § 67–6521(1)(d). *A person is not entitled to judicial review of an agency action until that person has exhausted all administrative remedies.* I.C. § 67–5271(1). Until the full gamut of administrative proceedings has been conducted and all available administrative remedies been exhausted, judicial review should not be considered. *See Grever v. Idaho Telephone Co.,* 94 Idaho 900, 903, 499 P.2d 1256, 1259 (1972).

140 Idaho at 723–24, 100 P.3d at 617–18. Though there is a requirement to exhaust administrative remedies, a party may be excused from such a failure if an exception applies. *See Park*, 143 Idaho

14

at 580, 149 P.3d at 855 ("[T]he requirement will be dispensed with when 'the interests of justice so require' or when the agency has acted outside its authority.") (Internal citations omitted.)

The latter exception does not apply here because Blaine County did not act outside its authority when it issued a modification to Idaho Power's conditional use permit. Generally speaking, the LLUPA is intended to be flexible so as to "accommodate[] the needs of changing communities[.]" *Chambers*, 125 Idaho at 117, 867 P.2d at 991. In *Chambers*, landowners sued Kootenai County to resolve a zoning dispute. *Id.* at 116, 867 P.2d at 990. The opposing party – the developer of a softball complex – had applied for and received a conditional use permit for construction, with some conditions imposed regarding lighting for the complex. *Id.* A few years later, the developer sought to modify the permit to change the permissible lighting. *Id.* The County denied the modification "as contrary to the community's comprehensive plan[,]" but granted a subsequent new conditional use permit filed by the developer of the softball complex. *Id.* This new permit slightly modified the previous lighting conditions. *Id.* Nearby landowners complained that "the County does not have the authority to grant a new conditional use permit which modifies an existing permit or the authority to grant a modification of an existing permit" absent some "change of circumstances[.]" *Id.*

In interpreting the LLUPA, this Court found that the legislature was intentionally deferential to local governments, given the unique nature of each community and their respective community plans. *Id.* at 117, 867 P.2d at 991. This Court explained that the LLUPA did not provide strict requirements for counties to apply when assessing conditional use permits and their impact on community plans because those planning needs necessarily change as communities grow and develop. *Id.*

The facts in *Chambers* are analogous to those in the case at bar. *Chambers* suggests the LLUPA provides a certain amount of flexibility for local governments in making zoning decisions. *Id.* In this case, the initial conditional use permit issued to Idaho Power acknowledged the potential funding challenges the County faced in obtaining financing for the project. The County argues that, by recognizing the potential need to revisit the conditions necessary for the completion of Idaho Power's project, it left the door open for it to revisit and then modify the conditions it initially placed on the project. Petitioners' arguments, if allowed to carry the day, would create substantial delay at the local level because preventing a modification in this case would bind the hands of the County in revisiting the financing question, which it acknowledged at the outset was challenging.

15

Such a narrow reading would also affect the planning and zoning processes by often requiring duplicative proceedings, with applicants starting over any time there is a change to be made to their application. This type of delay is one the legislature intended to avoid in granting a fair amount of latitude to the counties in determining their own permitting processes. *Chambers*, 125 Idaho at 117, 867 P.2d at 991; *see also* I.C. § 67-6512 (explaining the process for granting special use permits and conditions but deferring in substance to local zoning ordinances).

Additionally, Petitioners argue that the County acted outside its authority because twenty-one months elapsed between the issuance of the first CUP and the subsequent modification, but the Blaine County Ordinance permits only fourteen days to reconsider one of its decisions to modify an earlier decision. They further argue that *Chambers* should be read to mean that the only way to modify a previously issued CUP is to file a *new* application (as opposed to a modification application). The County argued at the hearing before the district court on the motion to dismiss that the fourteen-day appeal period in the Blaine County Code only applied to appealing final Planning and Zoning decisions; however, since the Board of County Commissioners was the body to impose the funding condition, then it was appropriate for it to approve moving forward with the application while retaining the ability to review change requests as the circumstances dictated.

> [P]lanning and zoning decisions are entitled to a strong presumption of validity; this includes the board's application and interpretation of their own zoning ordinances. This Court will defer to a board's "interpretation and application of its zoning ordinance, unless such interpretation or application is capricious, arbitrary or discriminatory."

*In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 308, 281 P.3d 1076, 1086 (2012) (internal citations and quotation marks omitted) (alteration in original).

While the Petitioners dispute the interpretation of the County's ordinances, they have not provided evidence (nor does there appear to be any in the record) that the County was arbitrary, capricious, or discriminatory in its decision to modify a conditional use permit. The County has adequately demonstrated that the uncertain funding process for this project, coupled with the Board's imposition of the funding condition, do not reflect that the Board failed to comply with the Blaine County Code. Therefore, the district court did not err in concluding that the County did not "act[] palpably without jurisdiction[,]" and, as a result, no exceptions to the doctrine of exhaustion apply.

Given the flexibility that the LLUPA grants to local governmental entities, and this Court's precedent of deferring to a local agency's interpretation of its own ordinances, we conclude that

the Board acted within its authority to modify Idaho Power's conditional use permit. Therefore, the district court did not err when it concluded that Petitioners failed to exhaust their administrative remedies.

**D. Petitioners are not entitled to attorney fees or costs on appeal.**

Petitioners argue on appeal that they are entitled to attorney fees and costs pursuant to Idaho Code sections 12-117, 12-121, and Idaho Appellate Rule 41. Petitioners are not the prevailing party on appeal and consequently are not entitled to attorney fees and costs. *Citizens Against Linscott*, 168 Idaho at 711, 486 P.3d at 521.

## IV. CONCLUSION

In summary, the order of the district court granting Idaho Power's motion to dismiss is affirmed. Petitioners failed to file a motion to reconsider within the fourteen-day statutory period or to establish an exception to the LLUPA's requirement to exhaust administrative remedies. Therefore, the district court properly dismissed Petitioners' petition for judicial review. Petitioners' request for attorney fees and costs is denied. The County and Idaho Power are awarded their costs as a matter of right. *Hoagland v. Ada County*, 154 Idaho 900, 303 P.3d 587 (2013).

Chief Justice BEVAN, Justices MOELLER, ZAHN and TROUT, J. Pro Tem, CONCUR.